UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | |
|---|---|
| KHAMIS ADAM ALAEYSR,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, DENVER,<br><br>Respondent. | Case No. 26-CV-017-SWS |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER § 2241

Petitioner Khamis Adam Alaeysr is a native and citizen of Sudan who illegally entered the United States in April 2024 at the U.S.-Mexico border. In April 2025, an immigration judge found Petitioner was inadmissible to the United States but granted Petitioner's request for restriction on removal to avoid being returned to Sudan based on a probable threat to his life or freedom. To date, Petitioner has not been removed to a third country but has been held in detention for almost two years now. The Court here grants Petitioner's request for supervised release pending his removal from the U.S.

### BACKGROUND

Petitioner was apprehended on April 9, 2024, at or near Tecate, California, after he had illegally crossed into the United States from Mexico. (Irma Quinones Decl. ¶ 5.[1]) Petitioner claimed he was in fear of persecution or torture if returned to Sudan. (*Id.* ¶ 7.) In August 2024, an immigration judge determined Petitioner was inadmissible in the U.S. under 8 U.S.C. §

---

[1] ECF 4-1. Irma Quinones is the Deportation Officer assigned to Petitioner's case.

1182(a)(6)(A)(i) (noncitizen present in the U.S. without first being admitted or paroled) and under 8 U.S.C. § 1182(a)(7)(A)(i)(I) (immigrant not in possession of valid unexpired entry and travel documents at the time of application for admission). (*Id.* ¶¶ 9-10.)

In October 2024, Petitioner filed for asylum and withholding of removal. (*Id.* ¶ 11.) On April 2, 2025, Petitioner appeared before the immigration judge for a hearing, and the immigration judge denied asylum but granted withholding of removal to Sudan. (*Id.* ¶ 12; ECF 1-1.) The parties waived appeal (ECF 1-1 p. 6), which rendered the immigration judge's order final.

On April 5, 2025, U.S. Immigration and Customs Enforcement (ICE) submitted requests to Mexico, Guatemala, and Panama to receive Petitioner. (Quinones Decl. ¶ 14.) ICE has not received any responses to those requests as of January 26, 2026. (*Id.*)

Petitioner has remained in continuous detention since April 2024. On June 19, 2025, ICE conducted a custody review and determined Petitioner did not satisfy the criteria for release pending removal because "he poses a significant risk of flight" and "there is a significant likelihood of removal in the reasonably foreseeable future" (at least at that time). (*Id.* ¶¶ 15-16.) ICE transferred Petitioner to the Natrona County Detention Center in Casper, Wyoming, in July 2025 (*Id.* ¶ 17), where he is currently detained.

On January 7, 2026, ICE conducted a custody review panel interview with Petitioner, where he had the opportunity to present information in support of his release from detention pending removal from the U.S. (*Id.* ¶ 18.) ICE determined Petitioner still did not satisfy the criteria for release and continued his detention. (*Id.*)

Petitioner filed the current Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 on January 15, 2026, seeking release from detention pending his removal from the U.S. (ECF 1.) Upon Court order (ECF 2), the Government responded to the petition (ECF 4). The Government's

response concludes by asserting that the U.S. Department of Homeland Security (DHS) and the U.S. Department of State "are working in coordination to evaluate and select a third country for removal. However, currently, there is no specific timeline for Petitioner's expected removal from the United States." (ECF 4 p. 9; Quinones Decl. ¶ 19.)

## DISCUSSION

The primary federal habeas corpus statute, 28 U.S.C. § 2241, confers subject-matter jurisdiction upon the district courts (among other courts) to consider prisoners' claims of illegal detention. *See* 28 U.S.C. § 2241(a), (c)(1), (c)(3); *Rasul v. Bush*, 542 U.S. 466, 483-84 (2004), *judgment entered*, No. 04A41, 2004 WL 7372970 (U.S. July 16, 2004); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Venue is appropriate in the District of Wyoming because Petitioner is currently being detained within this district.

A writ of habeas corpus under 28 U.S.C. § 2241 may be granted to an individual "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). When a noncitizen is ordered removed, federal statute commands the Government "shall remove the alien from the United States within a period of 90 days," which is known as the "removal period." 8 U.S.C. § 1231(a)(1). Generally, a noncitizen must be detained during the 90-day removal period. *Id.* at § 1231(a)(2). But where removal does not actually occur within the removal period, the noncitizen generally "shall be" released from detention under supervision pending removal. *Id.* at § 1231(a)(3).

Here, it is undisputed that the Government failed to remove Petitioner within the removal period, thus suggesting Petitioner's release from detention under terms of supervision is warranted. However, a noncitizen ordered removed "who is inadmissible under section 1182," as the immigration judge determined Petitioner is here, "may be detained beyond the removal period and,

if released, shall be subject to" supervision. *Id.* at § 1231(a)(6). In *Zadvydas*, the U.S. Supreme Court considered the parameters of continued detention under § 1231(a)(6) in light of constitutional guarantees of due process. 533 U.S. at 690-96. The Supreme Court concluded that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The basic question a habeas court must decide is "whether the detention in question exceeds a period reasonably necessary to secure removal." *Id.* The Supreme Court further determined a presumptively reasonable detention period to secure removal is six months. *Id* at 701.

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*; *see also Clark v. Martinez*, 543 U.S. 371, 378 (2005) (extending this analysis to noncitizens ordered removed as inadmissible under § 1182, like Petitioner here).

The Government agrees Petitioner "has been detained for almost nine months" since the immigration judge's removal order became final. (ECF 4 p. 9.) And as noted, the Government asked Mexico, Guatemala, and Panama to take Petitioner in April 2025, with no response to those requests having been received to date. Additionally, the Government concedes "there is no specific timeline for Petitioner's expected removal from the United States." (*Id.*) Finally, the Government has not argued that Petitioner presents a danger to the community or risk of flight if he is released under supervision, nor has the Government attempted to rebut Petitioner's assertion that he has not exhibited any violence before or during his detention. (*See* ECF 1 p. 6; ECF 4.)

Considering the totality of circumstances here, the Court finds there is good reason to

believe that there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future. The Court further finds the Government has not responded with evidence sufficient to rebut this determination. The Government has provided nothing of substance to this Court to support Petitioner's continued detention.

## CONCLUSION AND ORDER

Because Petitioner has been awaiting removal from the United States for more than six months but his removal is not reasonably foreseeable, "continued detention is unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 699-700. Thus, a writ of habeas corpus is warranted because Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

**IT IS THEREFORE ORDERED** that Khamis Adam Alaeysr's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF 1) is **GRANTED**. A writ of habeas corpus shall issue requiring Respondent to release Petitioner from detention, subject to appropriate conditions of supervision, **no later than 5:00 p.m. MST on February 4, 2026**.

**IT IS FURTHER ORDERED** that this Court's earlier restraint against Respondent transferring Petitioner outside the District of Wyoming (ECF 2 p. 3) is hereby **LIFTED AND CANCELLED.**

**IT IS FINALLY ORDERED** that Respondent shall file a status report **within fourteen (14) calendar days** of this Order that certifies compliance with this Order. The Court shall retain jurisdiction over this matter to the extent necessary to ensure this Order is carried into effect.

ORDERED: January 28th, 2026.

Scott W. Skavdahl
United States District Judge